## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AN'DRE ADAMS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )  No.: 19-cv-4228-JBM |
| | ) |
| PAULA LODGE, et al., | ) |
| | ) |
| **Defendants.** | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained in the Rushville Treatment and Detention Center, seek leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). A court is to grant leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff' favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*.  Plaintiff alleges that staff at Rushville have refused to place him with the roommate of his choosing in retaliation for his having filed a lawsuit and in violation of his rights to equal protection.  Plaintiff names Clinical Therapists Hoffmeister and Lodge, Team Leaders of the Purple and Blue Teams, respectively.  He has also named Doctors Blankley and Jimenez; and Clinical Therapists J. Howeter, K. Draughan and S. Ganz.

In August 2019, Plaintiff was at a Purple Team meeting.  At that time, he advised the group that he did not wish to be placed with an "unrequested" roommate for safety considerations.  Plaintiff did not appear to be referring to any particular roommate, but merely voiced his desire not to be placed with "problematic residents, and residents that [are] taking medication for psychological sexual arousal for deviant sexual urges and masturbation practices."  Plaintiff alleges that in August 2019 he was sharing a room with Mr. Jacobs.  It is unclear whether the placement with Mr. Jacobs was prior to, or contemporaneous with, Plaintiff's announcement at the meeting.

Plaintiff claims, in general terms, that unrequested roommates have been known to use the other's property and photographs for masturbation and that they sometimes lie on their roommate's bed.  He does not claim, however, that he personally experienced this.  He claims that when Defendant Lodge learns of such complaints, she merely advises the complainant that he is free to relocate to disciplinary housing on the Fox Unit.  Plaintiff alleges that the Fox Unit houses the most problematic residents and, as Plaintiff did not wish to go there, he was "forced to live in hazardous conditions."

In September 2019, Plaintiff was given a new roommate, Mr. Crabb. Plaintiff complains that this individual had a dry cough and have could have exposed him to influenza or viral respiratory illness. When Plaintiff voiced his concerns to the treatment team, he was ignored. During this same time, Plaintiff submitted a request to be placed with a particular resident, Keith Hill. When this request was denied, Plaintiff complained to his primary therapist, will Defendant Ganz, who communicated this to the Purple Team.

Plaintiff alleges that the Rushville facility allows "men to marry, gays to live with each other and transgenders to room with each other…" He asserts that the failure to place him with the roommate of his choosing is evidence of discrimination based on his bisexuality. In October 19, 2019, he met with Defendant Ganz to discuss this alleged discrimination and felt "unheard and ignored."

Plaintiff fails to articulate, however, any factual basis to establish that the failure to place his with the roommate of his choosing was based on his bisexuality. Plaintiff pleads, in fact, that Defendant Draughan initially told him that the roommate request was denied because the putative roommate "fit Plaintiff's victim profile." Plaintiff also provides a copy of a Rooming Committee decision wherein Defendants Hoffmeister and Lodge, the Purple and Blue Team Leaders, both indicated that they did not recommend the placement with Mr. Hill. [ECF 1 p. 12].

It is clear that Plaintiff does not have the constitutional right to a roommate of his choosing. *See Riccardo v. Rausch*, 375 F.3d 521, 525–26 (7th Cir. 2004). "Illinois is free, if it wishes, to give prisoners veto power over the identity of their cellmates. But the eighth amendment does not do so of its own force, and prisoners cannot use the Constitution to achieve this control indirectly by making unsubstantiated assertions." *See also, Smego v. Weitl*, No. 13-3068, 2016 WL 10934368, at *7 (C.D. Ill. Dec. 6, 2016), *aff'd sub nom. Smego*

*v. Jumper*, 707 Fed. Appx. 411 (7th Cir. 2017) (civil detainee does not have a right to "a roommate of his own choosing.")

Here, the complaint and attachments support that the failure to place Plaintiff with Mr. Hill was a decision made by his clinical therapists who have knowledge of Plaintiff's condition, predilections, and any risk he might pose to others. The Court sees no reason to second guess the decisions of Plaintiff's mental health providers. *See Overton v Bazzetta*, 539 U.S. 126, 132 (2003) (the courts are to accord "substantial deference to the professional judgment of prison administrators…" ) This, particularly, as Plaintiff has offered nothing other than his unsubstantiated belief that the failure to place him was discriminatory, based on his bisexuality. The equal protection claim is DISMISSED.

Plaintiff also alleges that he was not placed with the roommate of his choosing in retaliation for a lawsuit he had filed. As a civil detainee, Plaintiff has a protected First Amendment right to file lawsuits and may not suffer retaliation for his exercise of a constitutional right. *Henderson v. Adams*, No. 06-6451, 2007 WL 4287559, at *5 (N.D. Ill. Nov. 30, 2007) (internal citations omitted). To successfully plead such a claim, Plaintiff must allege not only that he engaged in protected activity and suffered a deprivation, but that the protected activity was "at least a motivating factor" in Defendants' retaliatory action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Plaintiff gives scant information as to this lawsuit and does not allege a factual basis for his belief that the refusal to place him with a roommate of his choosing was due to retaliation, rather than a clinical treatment decision. Plaintiff does not allege, for instance, that any Defendant acknowledged the lawsuit or referred to it in refusing his housing requests. Furthermore, a review of the electronic record reveals that, with the exception of this case,

Plaintiff has not filed a lawsuit since 2015.  In reviewing a retaliation claim, the courts entertain a proximity consideration, that is, whether the retaliatory conduct  fell "close on the heels" of the protected activity.  *See Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012) (affirming dismissal of retaliation claim at summary judgment due to lack of proximity) .  Here, Plaintiff makes vague reference to a lawsuit filed four years previously as a possible reason for the allegedly retaliatory housing decision.  This is insufficient to plead a cognizable retaliation claim.

**IT IS THEREFORE ORDERED:**

1)  Plaintiff 's petition to proceed in forma pauperis [3] is DENIED.  The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile because Plaintiff cannot assert an actionable constitutional claim under this set of facts.  This case is therefore closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

   4/16/2020                                             ____s/Joe Billy McDade_____
ENTERED:                                             JOE BILLY McDADE
                                                     UNITED STATES DISTRICT JUDGE